JOHN N. M. BREWER *versus* JAMES M. CHURCHILL & *al.*

In reducing to writing a contract, for the charter of a vessel, the usual print-
ed form of a charter-party for a voyage was used by the scrivener, who
erased the words, "for a voyage from," &c., and inserted "for a space of
time, commencing on, &c., and to continue six months; should the vessel
be upon a voyage at the expiration of the time specified, time to end on her
arrival, &c., unless a longer time is agreed upon." The party of the second
part agreed "to pay for the charter, during the voyage aforesaid, $600 per
month for each and every month as before specified." An outward voyage
was made, but the vessel was lost on her return voyage. In an action upon
the contract, it was *Held:* — that the charter was not for a voyage, but for a
specified time, which was terminated by a peril of the sea, up to which event,
defendants are liable to pay the contract price, with interest since: — that de-
fendants are not entitled to commissions or insurance on advance payments.

ASSUMPSIT. In the first count, the plaintiff declares on an
account annexed to the writ, viz.: —

For charter of brig Broome from Nov. 24, 1853,
  to Feb. 3, 1854, at $600 per month,    $1400,00

*Cr.* By amount paid Captain at Boston,  $250,00
   "  "  "  at Cardenas,  51,00
                301,00

              1099,00
  Interest,            219,47

              1318,47

Second count, was for the use and hire of brig Broome.

Third count, declared upon the charter party, dated Nov.
19, 1853, which was offered in evidence by the plaintiff.

It was agreed that, in pursuance of said charter party, the
defendants took possession of the vessel on the 24th of Nov.,
1853; that she arrived at Cardenas on the 22d of December
following, with her cargo, at which place she remained until
the 15th of January, 1854, when she sailed for Boston, with
a cargo, and, on the 3d of the next month, was wrecked.

Plaintiff also offered an account current, dated July 22,
1856, rendered by defendants to plaintiffs, and admitted the
payments of the two sums advanced to the master of the

vessel, but controverted the claim of defendants to commissions and insurance on the sums.

Upon the facts agreed, the Court, drawing such inferences as a jury would be authorized to draw, are to render judgment.

*B. Bradbury* for plaintiff.

*Deblois* and *Jackson* for defendants.

The opinion of the Court was drawn up by

CUTTING, J.— In reducing the contract declared on to writing, it is very apparent that the scrivener made use of the usual printed form of a charter party for a voyage, that the word voyage was substituted for a period of time as specified in the first part, and that all the subsequent portions of the printed form were retained. This will account for the incongruities of certain subsequent expressions, such as " the said voyage," "for such voyage," " voyage aforesaid," used in the covenants of the defendants, when no voyage had previously been mentioned in those of the plaintiff. Thus, " the party of the first part do covenant and agree on the freighting and chartering of said vessel, unto the party of the second part, (not for a voyage from, &c., as in the printed form, but) for a space of time commencing on the twenty-fourth of November, and to continue six months. Should the vessel be upon a voyage at the expiration of the time specified, time to end on her arrival at her port of discharge in the United States, unless a *longer time* is agreed upon." We can conceive of no language more strong to express the chartering for a space of time, stating both its commencement and termination, and even naming it " *the time specified.*"

If a voyage or voyages were intended, as contended for by the defendants, it is somewhat remarkable that no voyage is specifically mentioned, no port of departure or destination named, as is invariably the case when vessels are let for a voyage, and not for a period of time. If it is hereafter to be held as argued, it may be set down as an invention, and not a discovery from the authorities cited.

But the defendants agree to charter and hire the said vessel as aforesaid, on the terms following :—" to pay for the charter or freight of said vessel, during the voyage aforesaid, six hundred dollars per month for each and every month, as before specified." The term " as before specified," must refer to the time of the commencement and termination of the charter party, and embrace the stipulated period of six months. There could be no question that such would be the construction of the defendants' stipulation, except for the expression " *during the voyage aforesaid.*" But we have before observed that the words " said voyage," and " voyage aforesaid," have no correlative terms or antecedents in the former and material part of the contract, and being of so doubtful origin, can have but little influence to control what otherwise would be the clear expression of the intention of the parties. Had the scrivener only substituted the word *time* for the printed word *voyage*, the contract, throughout, would have been consistent. What he omitted, we must supply, not to alter, but to construe the contract, both in a grammatical and legal sense, and must, therefore, come to the conclusion, that the vessel was chartered for a specified period of time, which was terminated by a peril of the sea, up to which event, the defendants are liable to pay the contract price, with interest since. The case of *Havelock* v. *Geddes*, 10 East, 555, is conclusive upon this point. See, also, Abbott on Ship., 7th Am. ed., 356.

As to the *advance* payment of $250 to Capt. Tilton, we see no reason why commissions or insurance should be added.

*Defendants defaulted.*

TENNEY, C. J., RICE, APPLETON, HATHAWAY, and GOODENOW, J. J., concurred.